UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        CASE NUMBER: 12-20398
                                HONORABLE VICTORIA A. ROBERTS

v.

ZA-KETA McFARLAND, et al.,

        Defendants.
_____/

## ORDER

### I. INTRODUCTION

This matter is before the Court on Defendant McFarland's Motion to Dismiss count two of the Indictment. (Doc. 34). After Defendant filed the motion, the Government submitted a First Superseding Indictment, which modified the language in count two and added additional counts. (Doc. 39). Based on the changes to count two, the Court surmises the Government intended to address the defense concerns identified in her motion. Despite the Superseding Indictment changes to count two, Defendant continues to challenge it in her Supplemental Reply Re: Motion to Dismiss Indictment. (Doc. 41).

Defendant's motion is **DENIED**.

### II. DISCUSSION

Defendant McFarland ("Ms. McFarland") is charged in count two with a violation of 18 U.S.C. § 1591(a)(1) – Sex Trafficking By Force, Fraud or Coercion. Count Two of the First Superseding Indictment alleges that:

1

> From on or about April 17, 2012, through on or about June 6, 2012, in the Eastern District of Michigan, the defendants, JERMAINE DION WILLIAMS and ZA-KETA LAQUIN McFARLAND, knowingly recruited, enticed, harbored, provided and maintained in or affecting interstate and foreign commerce an individual, to wit: B.S., knowing or in reckless disregard for the fact that means of force, threats of force, coercion or any combination of such means would be used to cause the individual to engage in commercial sex acts, in violation of Title 18, United States Code, Section 1591(a)(1).

To determine whether an indictment is sufficient, a court considers "first, whether the indictment 'contains the elements of the offense charged and fairly informs a defendant of the charges against which he must defend, and second, [whether it] enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *United States v. Middleton*, 246 F.3d 825, 841-42 (6th Cir. 2001) (quoting *United States v. Monus*, 128 F.3d 376, 388 (6th Cir.1997) (alteration in original).

Ms. McFarland says count two of the First Superseding Indictment should be dismissed pursuant to Rules 12(b) and 7(c) of the Federal Rules of Criminal Procedure because it: (1) contains no factual allegations which establish an effect on interstate commerce; and (2) lacks sufficient detail to allow the defendant to plead a former acquittal or conviction upon a subsequent prosecution.

An indictment is constitutionally sufficient "if it states the offense using the words of the statute itself, as long as the statute fully and unambiguously states all the elements of the offense.'" *Id.* at 841 (6th Cir. 2001) (quoting *Monus*, 128 F.3d at 388). Although "the language of the statute may be used in the general description of the offense . . . it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the

2

general description, with which he is charged." *Hamling v. United States*, 418 U.S. 87, 117-18 (1974). Furthermore, "[a]n indictment should be tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true." *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994) (citing *United States v. Sampson*, 371 U.S. 75, 78-79 (1962)).

An indictment is simply the formal charge against an accused, and it is sufficient if it informs him of the charge he faces and is specific enough to prevent prosecution for the same offense. See *Anderson v. United States*, 262 F.2d 764, 770 (8th Cir. 1959). Indictments are not subject to dismissal based on whether the evidence supporting the indictment is insufficient or whether the government will not be able to prove its case at trial. See *United States v. Powell*, 823 F.2d 996, 1000-01 (6th Cir. 1987).

Ms. McFarland's first ground for dismissal–which requires specific allegations to establish an effect on interstate commerce–is unavailing. Count two is sufficient; it contains the elements of the charge against her as stated in 18 U.S.C. § 1591(a)(1) and fairly apprises her of the charge she must defend. Furthermore, count two includes additional details that enable Ms. McFarland to plead an acquittal or conviction in bar of future prosecutions for the same offense; namely, it lists dates, a location, and the particular individual affected by the alleged crime. Count two of the First Superseding Indictment is sufficient.

### III. CONCLUSION

Defendant's Motion to Dismiss the Indictment is **DENIED**.

**IT IS ORDERED.**

3

                        **S/Victoria A. Roberts**
                        **Victoria A. Roberts**
                        **United States District Judge**

**Dated: October 17, 2012**

---

**The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on October 17, 2012.**

**S/Linda Vertriest**
**Deputy Clerk**

---